### ORILLON vs. ROMAN.

APPEAL. No bond having been filed:

Whether an appeal, without a bond, is to be sustained?

*Hopkins*, for the appellee. The appeal ought to be dismissed, In the case of *Wall* vs. *Pousset's executors*, Judge Mathews held that there could be no appeal, unless a bond was filed. The

SPRING 1812. act of the legislature has made no provision for any
II District appeal, from the Parish Court, without bond.

ORILLON
*vs.*
ROMAN.

*Baldwin,* for the appellant. No law requires that the appellant should give bond. Every citizen has a right to the opinion of the Superior Court: but, as a strong presumption arises, from the judgment of the Parish Court, that the party cast is liable, security is required of him, in order to suspend the execution, that, while the cause is depending in the Superior Court, he will not waste his property—that the time necessarily employed in ascertaining his rights, will not be improved in rendering those of the successful party inefficacious.

THE act of 1807, ch. 1, provides that *no appeal shall stay execution,* unless the appellant shall, before execution, give bond, with one sufficient security, for prosecuting the appeal with effect. This impliedly admits that other appeals, that is, such in which no bond is given, *shall not* stay execution. *Exceptio probat regulam.* It would have been vain to have thus made this implied exception, if it had not been understood that such appeals, which did not stay executions, could exist.

IN the next paragraph, the legislature directs that " whensoever such petition, for an appeal, " shall be filed, *and such bond executed and given,*

" all proceedings in such suit, in the Parish
" Court, shall cease"—clearly implying that when-
soever such a petition shall be filed, *and* NO *such
bond executed*, the proceedings in such suits, in
the Parish Court, *shall* NOT *cease*, notwithstand-
ing the appeal ; but the successful party shall pro-
ceed to execution.

SPRING 1812.

II. District.

CRILLON
*vs.*
ROMAN.

*By the Court.* The implication is sufficiently
strong, to warrant the conclusion drawn by the
appellant's counsel. The appeal will be sustain-
ed, and the cause continued, as one of the judges
has entertained a different opinion, and the Court
is now composed of one judge only, in order that
the opinion of the third judge may be had.

APPEAL SUSTAINED.